UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIHOMIL KRAKER &
KAREN MUELLER,

          **Plaintiffs,**

vs.

ALLY FINANCIAL INC,

          **Defendant.**

_____/

CASE NO. 8:16cv715 T23 JSS

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs, Tihomil Kraker & Karen Mueller ("Plaintiffs"), allege the following Complaint against Defendant, Ally Financial Inc. ("Defendant"):

1.      This is an action for damages for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA').

### PARTIES

2.      Plaintiffs are "consumers" as that term is defined by Fla. Stat. § 559.55(2).

3.      Defendant is a foreign company with its principal place of business in Michigan. Defendant has a registered agent located in the state of Florida, and the actions forming the basis of this Complaint took place at Plaintiffs' home location in this district.

4.      Defendant is a "person" subject to regulation under Fla. Stat. § 559.72.

5.      Plaintiff, Tihomil Kraker, is the subscriber, regular user and carrier of the cellular telephone number, (941-XXX-9841), and was the called party and recipient of Defendant's autodialer calls.

-1-



6.     Plaintiff, Karen Mueller, is the subscriber, regular user and carrier of the cellular telephone number, (941-XXX-9516), and was the called party and recipient of Defendant's autodialer calls.

## JURISDICTION AND VENUE

7.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the TCPA claim, and should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

9.     Plaintiffs allegedly were in arrears on a car loan obtained through Defendant (hereinafter "Subject Debt").

10.    The Subject Debt is considered a "consumer debt" as defined by the FCCPA, as it constitutes an obligation for the payment of money arising out of a transaction in which the money and/or services which was the subject of the transaction was primarily for Plaintiffs' personal, family, or household purposes.

11.    At some point in or around December 2015, after Plaintiffs' were in arrears on the Subject Debt, Defendant began a campaign of harassing and abusive efforts to collect the Subject Debt owed by Plaintiffs.

12.    As part of its efforts to collect the debt, Defendant began a campaign of calling Plaintiff, Tihomil Kraker's cellular phone, (941-XXX-9841), and Plaintiff, Karen Mueller's cellular phone, (941-XXX-9516), numerous times.

13.    The Defendant made numerous calls to Plaintiff, Tihomil Kraker's cellular phone, as will be established after a thorough review of Defendant's records.   Below is a non-exclusive sampling of recent calls:

a.  12-26-15 at 5:15 pm
b.  12-29-15 at 11:26 am
c.  1-7-16 at 12:27 pm
d.  1-25-16 at 4:54 pm
e.  1-26-16 at 2:39 pm
f.  1-27-16 at 11:47 am
g.  1-29-16 at 2:55 pm
h.  2-1-16 at 3:10 pm
i.  2-6-16 at 3:22 pm
j.  2-7-16 at 10:40 am
k.  2-12-16 at 10:49 am
l.  2-15-16 at 11:52 am
m.  2-26-16 at 10:34 am
n.  2-26-16 at 12:27 pm
o.  2-26-16 at 3:46 pm
p.  2-27-16 at 8:45 am
q.  2-27-16 at 10:52 am
r.  3-1-16 at 10:51 am
s.  3-2-16 at 11:53 am
t.  3-2-16 at 3:38 am
u.  3-2-16 at 4:25 pm
v.  3-3-16 at 11:07 am
w.  3-3-16 at 3:50 pm
x.  3-6-16 at 11:09 am
y.  3-10-16 at 10:43 am
z.  3-10-16 at 2:52 pm
aa. 3-14-16 at 8:54 am

14.    On or about the December 26, 2016 call, Plaintiff, Tihomil Kraker, requested Defendant to stop calling his cell phone.

15.    During the February 15, 2016 call, Plaintiff, Tihomil Kraker, answered and an automated message stated to "please hold for an important message" (or something similar to this effect).   Defendant attempted to collect the Subject Debt from Plaintiff.   Plaintiff informed

Defendant that he had spoken to numerous people beforehand and told them to stop calling his cell phone. Plaintiff told Defendant to stop calling and harassing him at this number.

16.     During the February 26, 2016 call at 10:34 a.m., Plaintiff, Tihomil Kraker, answered his cell phone and said "hello" a few times before Defendant responded.  Defendant attempted collecting the Subject Debt to which Plaintiff requested they stop calling.

17.     During the February 27, 2016 call at 10:52 a.m., Plaintiff, Tihomil Kraker, answered his cell phone and said "hello" a few times before Defendant responded.  Defendant attempted collecting the Subject Debt to which Plaintiff requested they stop calling.

18.     During the March 2, 2016 call at 11:53 a.m., Plaintiff, Tihomil Kraker, answered his cell phone and said "hello" a few times before Defendant responded.  Defendant attempted collecting the Subject Debt to which Plaintiff requested they stop calling.  At the end of the call, Defendant stated "it's company policy for us to keep calling" (or something similar to this effect).

19.     During the March 3, 2016 call at 3:50 p.m., Plaintiff, Tihomil Kraker, answered his cell phone and said "hello" a few times before Defendant responded.  Defendant attempted collecting the Subject Debt to which Plaintiff requested they stop calling.

20.     During the March 6, 2016 call at 11:09 a.m., Plaintiff, Tihomil Kraker, answered his cell phone and said "hello" a few times before Defendant responded.  Defendant attempted collecting the Subject Debt to which Plaintiff requested they stop calling.

21.     During the March 10, 2016 call at 2:52 p.m., Plaintiff, Tihomil Kraker, answered his cell phone and said "hello" a few times before Defendant responded.  Defendant attempted collecting the Subject Debt to which Plaintiff requested they stop calling.

22.     During the March 14, 2016 call at 8:54 a.m., Plaintiff, Tihomil Kraker, answered his cell phone and said "hello" a few times before an automated message began playing.  Defendant

then came on the line and attempted collecting the Subject Debt to which Plaintiff requested they stop calling.

23.     The Defendant made numerous calls to Plaintiff, Karen Mueller's cellular phone, as will be established after a thorough review of Defendant's records.   Below is a non-exclusive sampling of recent calls:

| | |
|---|---|
| a. | 12/22 at 10:27am |
| b. | 12/22 at 7:10pm |
| c. | 12/23 at 10:25am |
| d. | 12/23 at 7:10pm |
| e. | 12/24 at 7:10pm |
| f. | 12/26 at 8:25am |
| g. | 12/26 at 11:04am |
| h. | 12/28 at 9:56am |
| i. | 12/28 at 11:39am |
| j. | 12/28 at 2:27pm |
| k. | 12/28 at 7:01pm |
| l. | 12/29 at 8:55am |
| m. | 1/7 at 8:27am |
| n. | 1/7 at 10:40am |
| o. | 1/22 at 7:09pm |
| p. | 1/23 at 10:18am |
| q. | 1/23 at 7:09pm |
| r. | 1/24 at 10:05am |
| s. | 1/24 at 7:09pm |
| t. | 1/25 at 8:30am |
| u. | 1/26 at 9:17am |
| v. | 1/26 at 1:32pm |
| w. | 1/27 at 8:37am |
| x. | 1/28 at 9:56am |
| y. | 1/28 at 7:01pm |
| z. | 1/29 at 8:42 am |
| aa. | 1/30 at 8:35am |
| bb. | 1/30 at 5:48pm |
| cc. | 2/1 at 8:14am |
| dd. | 2/4 at 8:27am |
| ee. | 2/5 at 8:27am |
| ff. | 2/5 at 1:46pm |

| | |
|---|---|
| gg. | 2/6 at 8:53am |
| hh. | 2/6 at 1:46pm |
| ii. | 2/7 at 8:21am |
| jj. | 2/7 at 10:46am |
| kk. | 2/12 at 6:14pm |
| ll. | 2/15 at 8:49am |
| mm. | 2/23 at 7:09pm |
| nn. | 2/24 at 10:12am |
| oo. | 2/24 at 7:09pm |
| pp. | 2/25 at 8:34am |
| qq. | 2/26 at 8:41am |
| rr. | 2/27 at 8:44am |
| ss. | 2/27 at 9:27am |
| tt. | 3/1 at 8:28am |
| uu. | 3/1 at 11:15am |
| vv. | 3/1 at 3:22pm |
| ww. | 3/2 at 8:08am |
| xx. | 3/2 at 12:12pm |
| yy. | 3/2 at 2:08pm |
| zz. | 3/3 at 11:32am |
| aaa. | 3/4 at 3:58pm |
| bbb. | 3/6 at 8:51am |
| ccc. | 3/8 at 1:08pm |
| ddd. | 3/10 at 8:09am |
| eee. | 3/10 10:53am |
| fff. | 3/10 at 2:16pm |

24.     On or about the December 22, 2015 call at 10:27 a.m., Defendant attempted to collect the Subject Debt from Plaintiff.  Plaintiff, Karen Mueller, answered and said "hello" a few times before getting a response.  Plaintiff requested Defendant stop calling her cellular phone.

25.     On or about the January 7, 2016 call at 8:27 a.m., Defendant attempted to collect the Subject Debt from Plaintiff.  Plaintiff, Karen Mueller, answered and said "hello" a few times before getting a response.  Plaintiff requested Defendant stop calling her cellular phone.

26.     During many of these calls to Plaintiffs, an automated message was left on their voicemails.

27.     Further, on numerous occasions, Plaintiffs informed Defendant that they knew they were behind on payments but simply could not afford to get caught up.

28.     Defendant routinely used an automatic telephone dialing system ("ATDS") to call Plaintiffs on their cellular phones, for which Plaintiffs were charged, without Plaintiffs' prior express consent, and after Plaintiffs demanded that Defendant stop calling their cellular phones.

29.     Defendant has a corporate policy to use an ATDS and has numerous other federal lawsuits pending against them alleging similar violations and facts as stated in this complaint.

30.     Despite Plaintiffs informing the Defendant for their reasons of non-payment towards the Subject Debt and taking all reasonable measures at negotiating a resolution to the Subject Debt, the Defendant continued its efforts to try and collect the Subject Debt from Plaintiffs. As a result, the Defendant's subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiffs' will and harass Plaintiffs.

31.     The above-referenced conduct was a willful attempt by Defendant to engage in conduct which was reasonably expected to abuse or harass Plaintiffs. Defendant's conduct has caused Plaintiffs significant anxiety, emotional distress, frustration, and anger.

## COUNT I

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

32.     Plaintiff, Tihomil Kraker, incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein.

33.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic

telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …" 47 U.S.C. § 227(b)(1)(A)(iii).

34.    The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone  using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

35.    These calls were made without regard to whether or not the Defendant had first obtained express permission from Plaintiff to make such calls.  In fact, the Defendant did not have prior express consent to call Plaintiff's cellular telephone number.  As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

36.    As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

37.    Because the Defendant knew or should have known that Plaintiff had not given prior express consent to receive their autodialed and prerecorded voice calls to her cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT II

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 48 U.S.C. § 227 *et seq.*

38.    Plaintiff, Karen Mueller, incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein.

39.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …" 47 U.S.C. § 227(b)(1)(A)(iii).

40.     The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

41.     These calls were made without regard to whether or not the Defendant had first obtained express permission from Plaintiff to make such calls.  In fact, the Defendant did not have prior express consent to call Plaintiff's cellular telephone number.  As such, the Defendant's calls were willful or knowing.  *See* 47 U.S.C. § 312(f)(1).

42.     As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

43.     Because the Defendant knew or should have known that Plaintiff had not given prior express consent to receive their autodialed and prerecorded voice calls to her cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT III

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
### FLORIDA STATUTES § 559.55 *et seq.*

44.     Plaintiff, Tihomil Kraker, incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein.

45.     The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

> a.     Fla. Stat. 559.72(7):   Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

46.     As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT IV

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
## FLORIDA STATUTES § 559.55 *et seq.*

47.     Plaintiff, Karen Mueller, incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein.

48.     The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

> a.     Fla. Stat. 559.72(7):   Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

49.     As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

/s/ *Jon P. Dubbeld*
Jon P. Dubbeld, Esq.
Fla. Bar No. 105869
Jon@berkmyer.com
Berkowitz & Myer
2820 1st Avenue North
St. Petersburg, Florida 33713
(727) 344-0123(office)
*Attorneys for Plaintiffs*